**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 26-21957-CIV-ALTONAGA**

**LAZARO LOPEZ SUAREZ**,

Petitioner,

v.

**MATTHEW MORDANT**, *et al.*,

Respondents.
_______________________________/

**ORDER**

**THIS CAUSE** comes before the Court on *pro se* Petitioner, Lazaro Lopez Suarez's Verified Petition for Writ of Habeas Corpus . . . [ECF No. 1], filed on March 17, 2026.[1] Petitioner challenges his detention in the custody of Immigration and Customs Enforcement and seeks release from confinement. (*See generally* Pet.).

***Penalty of Perjury***. The Petition is deficient because it was not signed under penalty of perjury, as required by statute and rule. Federal law requires that a habeas petition be "signed *and verified* by the person for whose relief it is intended or by someone acting in his behalf." 28 U.S.C. § 2242 (emphasis added); *see also* R. Governing § 2254 Cases 2(c)(5) (requiring that petitions "be signed under penalty of perjury by the petitioner or by a person authorized to sign it for the

[1] "Under the 'prison mailbox rule,' a *pro se* prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing." *Williams v. McNeil*, 557 F.3d 1287, 1290 n.2 (11th Cir. 2009) (citations omitted). "Absent evidence to the contrary, [the Court assumes] that a prisoner delivered a filing to prison authorities on the date that he signed it." *Jeffries v. United States*, 748 F.3d 1310, 1314 (11th Cir. 2014) (alteration added; citation omitted).

petitioner under 28 U.S.C. [section] 2242" (alteration added)).[2] Consistent with these requirements, Local Rule 88.2 provides that habeas petitions filed under 28 U.S.C. § 2241 must "be signed under penalty of perjury by [the] petitioner" or "by a person authorized to sign it" on the petitioner's behalf. S.D. Fla. L.R. 88.2(a) (alteration added).

Petitioner contends his Petition was properly verified because he wrote the following: "I, Lazaro Lopez Suarez submit this verification. I hereby verify that the factual statements made in the foregoing Petition for Writ of Habeas Corpus are true and correct to the best of my knowledge." (Pet. 18).[3] This attempt at verification is insufficient. To properly verify his application, federal law required Petitioner to write, "I declare (or certify, verify, or state) *under penalty of perjury under the laws of the United States of America* that the foregoing is true and correct[,]" followed by his signature. 28 U.S.C. § 1746 (alteration and emphasis added). Because the Petition is not properly verified, it is facially deficient. *See McFarland v. Scott*, 512 U.S. 849, 856 (1994) (recognizing courts are authorized to dismiss a habeas petition that appears legally insufficient on its face).

***Petitioner's Address***. Petitioner states that he is detained "under the direction of Respondents in Krome North Service Processing Center" at 18201 S.W. 12th Street, in Miami, Florida. (Pet. 5). Below his signature, however, Petitioner identifies his address as "218 Westcott St." in Houston, Texas, 77007. (*Id.* 17). The shipping label attached to the Petition confirms it was mailed from Houston, Texas. (*See id.* 19). But only Petitioner may file documents on his own

[2] *See also* R. Governing § 2254 Cases 1(b) ("The district court may apply [the Rules Governing Section 2254 Cases] to a [section 2241] habeas corpus petition[.]" (alterations added)).

[3] The Court uses the pagination generated by the electronic CM/ECF database, which appears in the headers of all court filings.

behalf. If another person wishes to pursue this case in Petitioner's interest, that individual must establish his or her standing to do so under the next-friend doctrine.[4]

Accordingly, it is

**ORDERED** as follows:

1. *Pro se* Petitioner, Lazaro Lopez Suarez's Petition **[ECF No. 1]** is **DISMISSED** without prejudice. The Clerk shall **CLOSE** the case.

2. Should Petitioner file an amended section 2241 petition by **April 27, 2026**, the case will be reopened. Petitioner's amendment shall be limited to explaining why he believes his current detention violates due process and is not presumptively reasonable. The amended petition shall not exceed 20 pages in length; it must be signed under penalty of perjury; and Petitioner must state sufficient, particularized facts supporting the basis for his requested relief.

3. The amended section 2241 petition shall be labeled "Amended Petition for Writ of Habeas Corpus Under 28 U.S.C. Section 2241" and shall include case number 26-21957-CIV-ALTONAGA. The amended petition will be the operative pleading for the remainder of the case, and Petitioner cannot incorporate by reference any past filings.

4. The Clerk is **DIRECTED** to provide Petitioner with a copy of the form Petition for Writ of Habeas Corpus Under 28 U.S.C. Section 2241.

[4] "Absent 'next friend' status, an individual lacks Article III standing to file a petition on another's behalf," which "strip[s] the district court of jurisdiction to consider the petition." *Francis v. Warden, FCC Coleman–USP*, 246 F. App'x 621, 622 (11th Cir. 2007) (alteration added; citing *Whitmore v. Arkansas*, 495 U.S. 149, 155–56, 163 (1990)). To qualify, the individual must show that Petitioner cannot litigate his own cause due to a disability and that the individual is truly dedicated to his interests. *See Ford v. Haley*, 195 F.3d 603, 624 (11th Cir. 1999) (citing *Whitmore*, 495 U.S. at 163).

**DONE AND ORDERED** in Miami, Florida, this 25th day of March, 2026.

**CECILIA M. ALTONAGA**
**CHIEF UNITED STATES DISTRICT JUDGE**

cc: Petitioner, *pro se*